IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02208-BNB

BRADFORD L. JONES,

    Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

    Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 24 2008

GREGORY C. LANGHAM
                CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Bradford L. Jones, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a supporting brief. He paid the $5.00 habeas corpus filing fee.

The Court must construe liberally the habeas corpus application and supporting brief because Mr. Jones is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an amended application.

The Court has reviewed the application filed in this action and finds that the claim Mr. Jones asserts is not a habeas corpus claim. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Jones is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Jones complains about his custody classification.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claim Mr. Jones raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claim in this action.

Mr. Jones is reminded that he must allege specific facts in the Prisoner Complaint that demonstrate how each Defendant he names personally participated in the asserted violation of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In order for Mr. Jones to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended application Mr. Jones will be directed to file must be assert clearly his federal claim or claims and the relief he seeks. Mr. Jones may not refer to or rely upon attachments to explain or provide support for the asserted claims.

Finally, the Court notes that Mr. Jones has paid the $5.00 filing fee for a habeas corpus action. However, because the Court has determined that the claim Mr. Jones is raising is not a habeas corpus claim, the filing fee for this action is $350.00. *See* 28

U.S.C. § 1914(a). Mr. Jones is required to pay the entire $350.00 filing fee because he is a prisoner. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Jones will be ordered either to pay immediately the balance of the filing fee, which is $345.00, or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Jones file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Jones, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Jones either pay the balance of the $350.00 filing fee or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, if Mr. Jones fails within the time allowed to file an amended pleading as directed in this order and either to pay the balance of the $350.00 filing fee or to file a proper motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the action will be dismissed without further notice.

DATED October 24, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02208-BNB

Bradford L. Jones
Reg. No. 06361-078
FCI- Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 10/24/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk